# AFFIDAVIT

I, Dean Moretti, a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), being duly sworn, depose and state under penalty of perjury that the following is true to the best of my information, knowledge, and belief.

## PURPOSE OF AFFIDAVIT

1. This affidavit is submitted in support of a criminal complaint and arrest warrant for SERGIO IVAN ARCE LOPEZ and CESAR ANDRES HUIZAR GUERRA. As set forth herein, there is probable cause to believe that, on or about August 11, 2025, in the State and District of Colorado, ARCE LOPEZ and HUIZAR GUERRA possessed with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not – and does not purport to – set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are relayed in substance and in part only.

## INTRODUCTION AND AGENT BACKGROUND

4. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct

1

investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

5. I am a TFO with the DEA, and have been since November 2022. I am currently assigned to the DEA's Enforcement Group 1, Rocky Mountain Field Division. I am currently a Commissioned Police Officer with the City of Arvada (Colorado), Department of Public Safety, and have been since December of 2011. Prior to this, I was a Commissioned Police Officer with the City of Northglenn (Colorado), Department of Public Safety, since December of 2008. Throughout my career with the Arvada Police Department, I have had several investigatory assignments, to include patrol, the Community Response Impact Team, and as a detective in the Criminal Investigations Bureau, which have given me exposure to several drug investigations.

6. I have personally planned and participated in the execution of multiple search warrants. The majority of these search warrants were for controlled substances in which drugs, documents, and weapons were seized. I have also arrested and assisted in the arrest of numerous individuals involved in the sale, distribution, and transportation of controlled substances. During the course of these investigations, I have debriefed, interviewed, and discussed with numerous defendants, and highly experienced drug investigators, the techniques and methods of illegal drug trafficking. Based on this training and experience, I am familiar with current drug trends, including smuggling, packaging, concealment techniques, common drug language, conspiracy techniques, including the use of cellular and digital communications devices, common weights and measurements, and drug identification.

7. I have drafted several affidavits, many related to drugs, and I have testified multiple times in court proceedings regarding investigations I have conducted. Based upon my previously noted training and experience, I have found that persons involved in the commission of drug-

related crimes almost always conspire via cell phone with other persons to facilitate their illegal activities and establish patterns of contacts via cell phone with co-conspirators, sources, and customers.

8. I am experienced in the means and methods used by people and drug trafficking organizations to communicate, purchase, transport, store, and distribute drugs, as well as the means and methods used to conceal profits generated from those transactions. Based on my training and experience, I know that drug traffickers often attempt to legitimize criminally derived proceeds and use financial institutions to transfer money to promote the ongoing conspiracy. I know that drug traffickers often use cellular telephones to communicate with co-conspirators in furtherance of their money laundering activities.

9. I am familiar with many commonly abused drugs, including cocaine, heroin, marijuana, ecstasy, crack cocaine, fentanyl, and methamphetamine. I am familiar with their appearance, methods of use, manufacturing, distribution, packaging, and concealment. I am also familiar with slang terms frequently used to refer to these drugs and things closely related to their use and distribution. I continue to keep abreast of current trends in the trafficking of controlled substances by continually talking with other law enforcement officials at the federal and state level.

10. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. As a result of my participation in the investigation, from statements made to me or to other law enforcement personnel involved in this investigation, and the review of pertinent reports of other agents working on this investigation, I am familiar with the facts and circumstances of this investigation and attest to all the facts and information stated in each of the paragraphs herein.

11. Based on the facts set forth in this affidavit, there is probable cause to believe violations of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine (the "Subject Offense") have been committed by ARCE LOPEZ and HUIZAR GUERRA on August 11, 2025 within the State and District of Colorado.

**STATEMENT OF PROBABLE CAUSE**

*Background*

12. In advance of the events described herein, investigators sought and obtained legal process related to this investigation, including the following:

   a. On July 16, 2025, Chief Magistrate Judge Scott T. Varholak of the District of Colorado signed and authorized a search warrant to place a GPS tracker on a 2010 gray Ford Focus bearing Colorado license plate DGZC78, which investigators knew to be in use by Cesar Andres HUIZAR GUERRA. On July 18, 2025, DEA Special Agents (SA) Jesse Martin and Wesley Sapp located the Ford Focus bearing Colorado license plate DGZC78 in the parking area of 10022 Montview Boulevard, Aurora, Colorado, and placed the tracker on the vehicle at that time. The GPS tracker began providing data to investigators shortly thereafter.

   b. On August 8, 2025, United States Magistrate Judge Susan Prose of the District of Colorado approved and authorized a residential search warrant for 6027 Yarrow Lane #4, Arvada, Colorado (the "Yarrow Address"). In advance of obtaining that warrant, on August 6, 2025, investigators observed the GPS tracker for the 2010 grey Ford Focus Colorado license plate DGZC78 travel towards the Yarrow Address. Investigators conducted surveillance at the Yarrow Address and observed ARCE LOPEZ and HUIZAR GUERRA exit the front

4

door (south side) of the Yarrow Address. Investigators specifically observed ARCE LOPEZ and HUIZAR GUERRA exiting from the door adjacent to the number "4", *i.e.*, the front door to the apartment. Investigators observed that ARCE LOPEZ had his dog with him and saw that he and HUIZAR GUERRA spoke to each other for several minutes. HUIZAR GUERRA left the Yarrow Address in the Ford Focus and ARCE LOPEZ walked back through the front door of the Yarrow Address with his dog. Throughout the day on August 6, 2025, investigators observed ARCE LOPEZ driving a red Ford Fusion, bearing Colorado license plate DJRC97, which ARCE LOPEZ parked on the north side of the Yarrow Address in front of Apartment 4.

13. On August 11, 2025, at approximately 6:00 a.m., DEA SA Jesse Martin observed that the GPS tracking device affixed to the Gray Ford Focus was in the area of 10022 Montview Boulevard, Aurora, Colorado. Investigators with the DEA Rocky Mountain Field Division (RMFD) and Immigration and Customs Enforcement (ICE) arrived to 10022 Montview Boulevard, Aurora, Colorado for surveillance shortly afterwards.

14. At approximately 6:50 a.m., SA Martin observed the red Ford Fusion, bearing Colorado license plate DGRC97 park next to the gray Ford Focus at 10022 Montview Boulevard, Aurora, Colorado. During this time, investigators observed Sergio Ivan ARCE LOPEZ in the driver's seat of the red Ford Fusion and a brown dog in the backseat. As ARCE LOPEZ was parking the Ford Fusion, I observed HUIZAR GUERRA exit the north side entrance to the apartments at 10022 Montview Boulevard. HUIZAR GUERRA entered the passenger side of the gray Ford Focus, grabbed a handbag-sized item from inside of the vehicle, closed the door, and entered the front passenger seat of the red Ford Fusion with ARCE LOPEZ.

15. Shortly afterwards, ICE Deportation Officer (DO) Nicholas Figueroa observed the red Ford Fusion driving away eastbound on Montview Boulevard. Investigators maintained surveillance on the red Ford Fusion as it traveled.

16. At approximately 7:00 a.m., DEA TFO Geoff Coster observed the red Ford Fusion park directly in front of a white tractor trailer that was parallel parked facing northbound on Revere Street and Smith Road in Aurora, Colorado.

17. Once the vehicle stopped, TFO Coster observed both ARCE LOPEZ and HUIZAR GUERRA exit the red Ford Fusion. The driver of the tractor trailer (who investigators later identified and is listed herein as "DRIVER") exited the cab and met with ARCE LOPEZ and HUIZAR GUERRA.

18. TFO Coster observed DRIVER receive a handbag-sized item from HUIZAR GUERRA – consistent with the item that investigators saw HUIZAR GUERRA remove from the gray Ford Focus – and place it in the cab of the tractor trailer. DRIVER then opened up the rear hatch to the tractor trailer, and investigators observed as ARCE LOPEZ and HUIZAR GUERRA pulled out two tires with rims from the trailer, placing them into the rear of the red Ford Fusion.

19. At that point, ARCE LOPEZ and HUIZAR GUERRA re-entered the red Ford Fusion and drove northbound away from the tractor trailer.

20. Investigators conducted a traffic stop of the tractor trailer. During the ensuing search of the vehicle, investigators located the object that HUIZAR GUERRA handed to DRIVER inside the cab of the truck. That item, a green plastic grocery bag, contained several thousand dollars in bulk United States currency.

21. At approximately 8:06 a.m., SA Martin observed that the GPS tracking device affixed to the gray Ford Focus was in the area of the Yarrow Address.

22. At approximately 9:20 a.m., investigators with the DEA, Federal Bureau of Investigation (FBI), ICE, and Homeland Security Investigations (HSI) executed the above-noted federal search warrant at the Yarrow Address.

23. During the execution, investigators located both ARCE LOPEZ and HUIZAR GUERRA inside of the residence. Both ARCE LOPEZ and HUIZAR GUERRA were found to be in possession of wallets, each of which contained their respective ID cards from Sinaloa, Mexico. Investigators found the 2010 gray Ford Focus bearing Colorado license plate DGZC78 and the red

6

Ford Fusion, bearing Colorado license plate DGRC97, parked outside the north entrance to the Yarrow Address.

24. During the search of the residence, investigators located two ripped up tires with rims just outside of the residence and approximately 55 pounds of suspected methamphetamine located inside of the living room. Investigators identified the tires as the same two tires that they earlier witnessed ARCE LOPEZ and HUIZAR GUERRA unloading from the trailer:



25. As depicted in the photograph below, a large portion of the suspected methamphetamine was scattered on top of the table in the living room along with, among other things, clear plastic Ziplock baggies, two small digital scales, a knife, and multiple containers. Two of the containers had within them suspected methamphetamine in different quantities that appeared to be "cut up" as finished product for further distribution:



26. Investigators located additional suspected methamphetamine in a black storage container that contained multiple Ziploc-type baggies filled with a clear, crystalline substance.



27. A portion of the crystalline substance was seized and field tested by the DEA and tested positive for methamphetamine. Inside of the residence, investigators also located bulk quantities of United States currency, keys for an apartment door, and five cellular devices.

28. Based on HUIZAR GUERRA's consent, investigators also searched the apartment located at 10022 Montview Boulevard, Apartment 303, Aurora, Colorado, which HUIZAR GUERRA identified as his residence.

//

//

//

//

//

29. At approximately 11:40 a.m., investigators searched that location and, within the bedroom closet, located a black box containing bulk amounts of United States currency and two handguns within a blue and yellow bag:





30. Elsewhere in the apartment, investigators found a suspected drug ledger and a digital scale. Based on my training and experience, I know that individuals involved in drug distribution commonly use digital scales to measure out amounts of controlled substances for re-distribution.

31. ARCE LOPEZ and HUIZAR GUERRA were taken into custody by ICE and later transported to the ICE Detention Facility in Aurora, Colorado.

32. Based on my training and experience, I am aware that the amount of methamphetamine located – approximately 55 lbs. gross weight – includes many thousands of

individual doses of methamphetamine and is consistent with a distribution, rather than an individual use, quantity of controlled substances.

33. All of the events described herein occurred within the State and District of Colorado.

## CONCLUSION

34. For the reasons described above, I respectfully submit that there is probable cause to believe the following:

   a. *First*: that each of ARCE LOPEZ and HUIZAR GUERRA knowingly and intentionally possessed methamphetamine, a Schedule II controlled substance within the meaning of the law, as shown by their possession of the suspected methamphetamine contained within the apartment;

   b. *Second*: that the substance in each of those individual's possession was in fact methamphetamine, as indicated by the presumptive positive field test;

   c. *Third*: that ARCE LOPEZ and HUIZAR GUERRA each possessed the methamphetamine with the intent to distribute it, as indicated by the weight and quantity of the substance in their possession; and

   d. *Fourth*: that the amount of the methamphetamine possessed by ARCE LOPEZ and HUIZAR GUERRA was at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

35. As such, I respectfully request the Court issue a criminal complaint and a corresponding arrest warrant for and against SERGIO IVAN ARCE LOPEZ and CESAR ANDRES HUIZAR GUERRA.

36. I, Dean Moretti, a TFO with the DEA, being duly sworn, hereby depose and state that the above-mentioned information is true to the best of my information, knowledge, and belief.

*s/Dean Moretti*
Dean Moretti, Task Force Officer
Drug Enforcement Administration

Submitted, attested to, and acknowledged by reliable electronic means before me on this <u>13th</u> day of August, 2025.

THE HON. CYRUS Y. CHUNG
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

**Affidavit reviewed and submitted by Assistant United States Attorney Michael F. Houlihan**